# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| REX BROCK<br><br>Plaintiff,<br><br>vs.<br><br>FISKARS BRANDS INC.,<br><br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Rex Brock ("Plaintiff"), by and through his attorneys, brings this action on behalf of himself and all others similarly situated against Fiskars Brands Inc. ("Defendant" or "Fiskars"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), as the amount in controversy exceeds $5 million, exclusive of interests and costs; it is a class action of over 100 members; and the Plaintiff is a citizen of a state different from at least one Defendant.

2. This Court has personal jurisdiction over Defendant. Defendant has sufficient minimum contacts with the state of Florida and purposefully availed themselves, and continue to avail themselves, of the jurisdiction of Florida through the privilege of conducting its business ventures in the state of Florida, thus rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.

3. Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, as Defendant does business throughout this district, and Plaintiff made his purchase of Defendant's Product in Brevard County, Florida from a retail store in this district and his purchased Product was delivered to, and used, in this district.

## THE PARTIES

4. Plaintiff, Rex Brock is a natural person and a citizen of Brevard County, Florida. Plaintiff purchased the Product from a local retailer. Prior to his purchase, Plaintiff saw and reviewed Defendant's advertising claims on the packaging and labeling itself, and he made his purchase of the Product in reliance thereon.

5. Plaintiff specifically relied upon representations made by Defendant that the Product has "3X More Cutting Power" and "Less effort." Plaintiff did not receive

the promised benefits or receive the full value of his purchase. Plaintiff would purchase the Product in the future if it worked as advertised.

6. Defendant Fiskars Brands Inc. is a Wisconsin corporation with its principal place of business located at 7800 Discovery Drive, Middleton, Wisconsin 53562.

7. Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## FACTUAL ALLEGATIONS

8. Fiskars is a manufacturer of a variety of consumer products and is one of the largest hand-powered gardening tool manufacturers with products available in more than 100 countries, including the United States.

9. The hand-powered gardening tools ("Products") are sold throughout the United States and the State of Florida by third-party retailers such as Home Depot, Lowes, Walmart, Ace Hardware, Amazon, and other large retail outlets.

### A. Facts Related to False Claims About Where Defendant's Products Were Designed

10. One or more of Defendant's Products have packaging that falsely represents to consumers that the product(s) were designed in the USA.

11. The products at issue in this case consist of all Fiskars products which have packaging that represents they were designed in the USA.

12. These products include but are not limited to the following Fiskars products: Fiskars 9109 Pruners, Fiskars 9688 Pruners, Fiskars 7936 Pruners, Fiskars 9189 Hedge Shears, 9286 Hedge Shears, Fiskars 9117 Pruners, and Fiskars 9132 Lopper ("Products").

13. Through its packaging of the Products, Fiskars has intentionally propagated the misconception that the Products are designed in the USA. However, none of the Products were designed in the United States.

14. The packaging of the Products is false and deceptive and likely to mislead reasonable consumers, including Plaintiff and Class members, that the Products are designed in the USA.

15. The following representation contained on the packaging creates the impression that the Products are manufactured in the USA: "DESIGNED BY FISKARS IN USA."  Hereinafter, these representations are collectively referred to as the "Designed in the USA representations".

16. Representative images of some of the Products are set forth below:

**Fiskars 9189 Hedge Shears**



**Fiskars 7936 Pruners**



**Fiskars 9109 Pruners**




**Fiskars 9132 Lopper**



17. A reasonable consumer is likely to believe that the Products are designed in the United States based on the Designed in the USA representations.

18. Consumers purchased the Products relying on Fiskars' Designed in the USA representations.

19. Class members did not know, and had no reason to know, that the Products were not designed in the USA, because of how the Products are falsely and deceptively packaged. As set forth above, the packaging of each of the Products states: "DESIGNED BY FISKARS IN USA."

20. Because the Products are not designed in the USA, Fiskars' branding, packaging, and advertising of the Products was and continues to be false, misleading, and deceptive.

21. As the entity responsible for the development, manufacturing, packaging, advertising, distribution and sale of the Products, Fiskars knew that the foregoing Designed in the USA representations are untruthful and deceptive.

22. Defendant also knew or should have known that Plaintiff and other consumers would rely on its Designed in the USA representations in purchasing the Products and would, therefore, reasonably believe that the Products are designed in the USA. Defendant deceptively advertises the Products in order to exploit strong consumer sentiment for American products.

23. Consumers would have paid less for the Products, or would not have purchased them at all, had they known that the Products were and are not designed in the USA. Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

### B. Defendant's False Claims About the Characteristics and Performance of Its Products

24. The packaging and/or marketing materials for one or more of Defendant's products falsely represent to consumers the features and characteristics of Defendant's products.

25. Defendant makes the following representations on its packaging and/or marketing materials for various products that the products:

26. Provide "four times more power," "3x more power" and/or "2x more power"

27. "Cuts 3X easier," or "Cuts up to 2X easier"

28. Has "Titanium Blade Coating,"

29. The Products containing one or more of the representations in paragraph 26 include: Fiskars 7936 Pruner, Fiskars P551 PowerGear2 Pruners, Fiskars 9480 Lopper, Fiskars 9279 Hand Pruners, Fiskars 9286 Hedge Shears, Fiskars 7972 Lopper, Fiskars 9398 Tree Pruners, Fiskars 394732 Tree Pruners, Fiskars 9440 Tree Pruners, Fiskars 9110 Hand Pruners, Fiskars 9110 Hand Pruners, Fiskars 23 in.

Power-Lever Softgrip Hedge Shears, Fiskars 28 in. Power-Lever Bypass Lopper, Fiskars Chain Drive Extendable Pole Saw & Pruner ("Products").

30. Contrary to Defendant's statements on the packaging and marketing materials the Products do not provide two times or three times more power than earlier versions of Fiskars' similar products or than other competitive similar products on the market.

31. Defendant's packaging and marketing materials for the respective Products do not identify what product Defendant compared the Products against to substantiate its claim outlined in paragraph 26 (a)-(c).

32. Upon information and belief, independent testing by a third-party lab would confirm that the Fiskars Products do not provide "two times more power" or "three times more power" than other similar and/or competitive products on the market.

33. Defendant's statements and representations that the Fiskars Products "Cuts 3X easier," and delivers "3X More Power, Less Effort," and similar statements, are false and misleading.

34. Defendant's statements and representations that the Products have a "Titanium Blade Coating," and similar statements, are false and misleading.

35. Plaintiff and other consumers would have paid less for the Products, or would not have purchased them at all, had they known that the representations regarding cutting power, or titanium blade coating are not true for the respective Products.

Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## CLASS ACTION ALLEGATIONS

36. **Class Definition:** Plaintiff brings this action on behalf of himself and the following Classes pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and/or (b)(3). Specifically, the Classes are defined as:

a.  National Class: All persons in the United States who purchased the Products during the fullest period of law.

b.  In the alternative, Plaintiff brings this action on behalf of the following State Sub-Class:

37. Florida Sub-Class: All persons in the State of Florida who purchased the Products during the fullest period of law.

38. Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicates that the Class definitions should be narrowed, expanded, or otherwise modified.

39. **Numerosity and Ascertainability:** Plaintiff does not know the exact number of members of the putative classes. Due to Plaintiff's initial investigation, however, Plaintiff is informed and believes that the total number of Class members is at least in the tens of thousands, and that members of the Class are numerous and

geographically dispersed throughout Florida and the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery, including Defendant's records, either manually or through computerized searches.

40. **Typicality and Adequacy:** Plaintiff's claims are typical of those of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests that are antagonistic to those of the proposed Class. Plaintiff has retained counsel competent and experienced in the prosecution of this type of litigation.

41. **Commonality:** The questions of law and fact common to the Class members, some of which are set out below, predominate over any questions affecting only individual Class members:

    a. whether Defendant committed the conduct alleged herein;

    b. whether Defendant's conduct constitutes the violations of laws alleged herein;

    c. whether Defendant's labeling, sale and advertising set herein are unlawful, untrue, or are misleading, or reasonably likely to deceive;

    d. whether Defendant knew or should have known that the representations were false or misleading;

 e. whether Defendant knowingly concealed or misrepresented material facts for the purpose of inducing consumers into spending money on the Fiskars Products

 f. whether Defendant's representations, concealments and non-disclosures concerning the Fiskars Products are likely to deceive the consumer;

 g. whether Defendant's representations, concealments and non-disclosures concerning the Fiskars Products violate Florida consumer laws and/or the common law;

 h. whether Defendant should be permanently enjoined from making the claims at issue; and

 i. whether Plaintiff and the Class are entitled to restitution and damages.

42. **Predominance and Superiority:** Common questions, some of which are set out above, predominate over any questions affecting only individual Class members. A class action is the superior method for the fair and just adjudication of this controversy. The expense and burden of individual suits makes it impossible and impracticable for members of the proposed Class to prosecute their claims individually and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents the potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single

adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

    a. Given the complexity of issues involved in this action and the expense of litigating the claims, few, if any, Class members could afford to seek legal redress individually for the wrongs that Defendant committed against them, and absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

    b. when Defendant's liability has been adjudicated, claims of all Class members can be determined by the Court;

    c. this action will cause an orderly and expeditious administration of the Class claims and foster economies of time, effort and expense, and ensure uniformity of decisions; and

    d. without a class action, many Class members would continue to suffer injury, and Defendant's violations of law will continue without redress while Defendant continues to reap and retain the substantial proceeds of their wrongful conduct.

43. **Manageability:** The trial and litigation of Plaintiff's and the proposed Class claims are manageable. Defendant has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief and declaratory relief with respect to the Class as a whole.

## COUNT I

### For Violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 et seq.

44. Plaintiff realleges and incorporates by reference each of the allegations contained in the paragraphs above as if fully set forth herein.

45. Plaintiff brings this claim on their own behalf and on behalf of each member of the Class.

46. Defendant violated and continues to violate Florida's Deceptive and Unfair Trade Practices Act by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of their business.

47. The material misstatements alleged herein constitute deceptive and unfair trade practices in that they were intended to and did deceive Plaintiff and the general public into believing that the Fiskars Pruners and Shears ("Products") were designed in the U.S.A.

48. The material misstatements alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff and the general public into believing that the Fiskars Pruners and Shears ("Products") contained certain performance characteristics and/or qualities.

49. Plaintiff and Class members relied upon these advertisements in deciding to purchase the Fiskars Pruners and Shears ("Products").

50. Plaintiff's reliance was reasonable because of Defendant's reputation as a reliable company.

51. Had Plaintiff known that the Fiskars Pruners and Shears ("Products") were not as advertised, they would not have purchased the product. As a result of Defendant's deceptive and unfair acts, Plaintiff and Class members have been damaged.

52. Defendant's conduct offends established public policy, and is immoral, unethical, oppressive, and unscrupulous to consumers.

53. Plaintiff and Class members are entitled to a refund or damages in an amount to be proven at trial.

54. Defendant should also be ordered to cease the deceptive advertising and should be made to engage in a corrective advertising campaign to inform consumers that the Products were not designed in the U.S.A. and do not contain the advertised performance characteristics and/or qualities.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, respectfully pray for the following relief:

A. Declaring that this action is properly maintained as a class action, certifying the proposed Class(es), appointing Plaintiff as Class Representative and appointing Plaintiff's counsel as Class Counsel;

B. A declaration that Defendant's actions, as described herein, violate the claims alleged herein;

C. Directing that Defendant to bear the costs of any notice sent to the Class(es);

D. Declaring that Defendant must disgorge, for the benefit of the Class(es), all or part of the ill-gotten profits they received from the sale of the Products, or order Defendant to make full restitution to Plaintiff and the members of the Class(es);

E. Awarding restitution and other appropriate equitable relief;

F. Enjoin Defendant's conduct and order Defendant to engage in a corrective advertising and labeling/disclosure campaign.

G. Ordering a jury trial and damages according to proof;

H. Awarding attorneys' fees and litigation costs to Plaintiff and members of the Class(es);

I. Awarding civil penalties, prejudgment interest and punitive damages as permitted by law; and

J. Ordering such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class, hereby demands a jury trial with respect to all issues triable of rights by jury.

DATED: April 11, 2025

                      s/William C. Wright
FL Bar No. 138861
willwright@wrightlawoffice.com
Kelly Mata
kellymata@wrightlawoffice.com
FL Bar No. 1015921
The Wright Law Office, P.A.
515 N. Flagler Drive, Suite 350
West Palm Beach, FL 33401
Telephone: (561) 514-0904